IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher H.,[1] <br><br> Plaintiff, <br><br> v. <br><br> Frank Bisignano, Commissioner of Social Security Administration,[2] <br><br> Defendant. | C/A No. 5:24-cv-3102-SAL <br><br><br> **OPINION AND ORDER** |

This matter is before the court for review of the March 24, 2025 Report and Recommendation of United States Magistrate Judge Kaymani D. West (the "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.). [ECF No. 30.] In the Report, the magistrate judge recommends this court affirm the Commissioner's final decision denying Christopher H.'s ("Plaintiff") claims for Disability Insurance Benefits ("DIB"). *Id.* Plaintiff timely objected. [ECF No. 31.] For the reasons below, the court respectfully declines to adopt the Report and reverses and remands the Commissioner's final decision for further administrative proceedings.

**STANDARD OF REVIEW**

The scope of federal court review under 42 U.S.C. § 405(g) is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the Commissioner applied the proper legal standard in evaluating the claimant's case. *See id.*; *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Walls v. Barnhart*, 296 F.3d 287, 290

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

[2] Frank Bisignano was sworn in as the Social Security Commissioner on May 7, 2025. Under

1

(4th Cir. 2002) (*citing Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence" is "more than a mere scintilla," and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consolidated Edison*, 305 U.S. at 229).

The court's function is not to "try these cases de novo or resolve mere conflicts in the evidence." *Vitek v. Finch*, 438 F.2d 1157, 1157–58 (4th Cir. 1971); *see Pyles v. Bowen*, 849 F.2d 846, 848 (4th Cir. 1988) (*citing Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)). Rather, the court must uphold the Commissioner's decision if it is supported by substantial evidence "even should the court disagree with such decision." *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

### REVIEW OF A MAGISTRATE JUDGE'S REPORT

The magistrate judge makes only a recommendation to the court. The recommendation carries no presumptive weight, and the responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to the magistrate judge with instructions. *See* 28 U.S.C. § 636(b)(1). Without specific objections to portions of the Report, this court is not required to explain its reasons for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). It must "only satisfy itself that there is no clear error on the face of the record in

---

Fed. R. Civ. P. 25(d), he is substituted as a party to this action.

order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

### I.    Background and Procedural History

The Report sets forth the administrative proceedings and applicable law, which the court incorporates without a full recitation. [ECF No. 30.] But a short review of the history of the Social Security Administration's adjudication of Plaintiff's disability is necessary to understand the issues. The record reflects that back in 2010 Plaintiff was found disabled effective May 23, 2010. Tr. 60. His disability benefits were reassessed and continued in 2015. *Id.* But a 2019 reassessment found Plaintiff no longer disabled. And on January 7, 2022, Administrative Law Judge ("ALJ") Joshua Vineyard issued a decision finding Plaintiff's disability had ended on March 31, 2019. *See* Tr. 57–77 ("the 2022 decision").

Although the 2022 decision was not appealed, Plaintiff protectively filed a DIB application on October 20, 2022, alleging a disability onset date of December 1, 2011. Tr. 184–85. Plaintiff's claim was denied initially and on reconsideration, with both determinations indicating the 2022 decision had been considered. Tr. 78, 92. Then, after a hearing, ALJ Brian Garves denied Plaintiff's claim in a decision dated February 5, 2024. Tr. 10–25 ("the 2024 decision"). In the 2024 decision, the ALJ found Plaintiff had severe impairments of spinal disorder, osteoarthritis, neurocognitive disorder, post-traumatic stress disorder, attention-deficit hyperactivity disorder, and fibromyalgia. *See id.* at 13. The ALJ concluded the claimant had the residual functional capacity ("RFC") to perform "light work as defined in 20 CFR 404.1567(b)" with many additional restrictions ad limitations. *Id.* at 16. The ALJ found transferability of job skills from Plaintiff's past relevant work was not material to the determination of disability, as the evidence showed he could perform other jobs available in significant numbers in the national

economy. *Id.* at 24. The ALJ ultimately concluded Plaintiff "had not been under a disability . . . from December 1, 2011, through the date of this decision[.]" *Id.* at 25. Plaintiff appealed to this court.

The Report recommends affirming the 2024 decision. [ECF No. 30.] Plaintiff objects, and the Commissioner argues this court should adopt the Report and affirm his decision. [ECF Nos. 31, 32.] But because neither side addressed a clear error in the 2024 decision—specifically, that the 2024 decision's disability period is inconsistent with prior findings—the court directed the parties to submit supplemental briefing. The parties have now done so, and this matter is ripe for review.

## II.   Discussion

It is undisputed that the 2024 decision contains an error. It finds Plaintiff not disabled from December 1, 2011, through February 5, 2024, despite the record showing he was disabled from May 23, 2010, through March 31, 2019. The parties disagree as to the impact of the error.

### A.   Standard

As discussed, this court's review of a social security decision is narrow—the court looks for whether there is substantial evidence to support the agency's factual determinations and whether the proper legal standard was used. *See supra* pp. 1–2; *see also Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964) ("If [the Commissioner's] findings are supported by substantial evidence, the courts are bound to accept them. At the same time, they must not abdicate their traditional functions; they cannot escape their duty to scrutinize 'the record as a whole' to determine whether the conclusions reached are rational." (internal citations omitted)). Reversal and remand is not warranted for the correction of mere scrivener's errors. *See Moore v. Astrue*, 2008 WL 216605, at *5 (D.S.C. Jan. 24, 2008) ("Since it was abundantly clear what the ALJ's decision was, Plaintiff's argument the decision should be reversed because of the cited

'scriveners' error and/or unartful drafting is without merit."). But when an error prevents a court from discerning an ALJ's intent or impedes a court's review of the ALJ's decision, courts within this District and elsewhere have reversed and remanded. *Douglas v. Astrue*, C/A No. 1:09-1349-CMC-SVH, 2010 WL 3522298, at *3 (D.S.C. Sept. 3, 2010) ("The court has not been presented with convincing legal authority that would support a conclusion that this inconsistency should be categorized as a mere scrivener's error. In nearly all of the Social Security cases in which a court has concluded that an ALJ made a mere typographical or scrivener's error, the ALJ's intent was more apparent.") (collecting cases); *Brinkley v. Astrue*, 695 F. Supp. 2d 269, 283 (D.S.C. Feb. 19, 2010) (adopting a Report recommending reversal and remand where errors were "too extensive to recommend affirming the Commissioner's decision on the basis of a scrivener/clerical/author error or a harmless error").

Here, substantial evidence does not support the finding that Plaintiff was not disabled from December 1, 2011, through the date of the 2024 decision. The question is whether the error requires reversal and remand.

B.     **The Parties' Arguments**

The Commissioner concedes the erroneous finding is "confusing on its face" but argues that prior determinations of disability between May 23, 2010, and March 31, 2019, remain intact. [ECF No. 38 at 2.] The Commissioner asserts the 2024 decision considered the correct period and did not disturb the 2022 decision. *Id.* (citing Tr. 22).

Plaintiff argues the error is more than a mere scrivener's error given the four times it appears in the decision. [ECF No. 39 at 3.] And while the 2024 decision purports not to disturb the findings of the 2022 decision, Plaintiff notes the 2024 decision "does not in any way recognize the prior period of disability/disability up to the date of medical improvement." *Id.* Plaintiff also observes that his pre-hearing brief had an amended onset date of January 8, 2022,

5

the day after the 2022 decision was issued, and the 2024 decision could have reflected that date had the ALJ intended to follow the findings of the 2022 decision. *Id.*

C.   **Analysis**

The 2024 decision's statement that Plaintiff was not disabled from December 1, 2011, through February 5, 2024—when the agency's own decisions establish Plaintiff was disabled for more than seven years during that period—is more than a typographical or scrivener's error. The error appears in the ultimate finding of disability, on more than one page, and goes beyond a transposed digit in a date. It is also not obvious from the decision that the erroneous date is an error when the decision is read in its entirety. *See* Tr. 10, 24, 25. Indeed, the error is not evident from 2024 decision itself, requiring reference to the 2022 decision or the administrative record to discern the correct disability period. Further, Acquiescence Ruling ("AR") 00-1(4), requires that findings from a prior final decision—for instance, that Plaintiff was disabled from May 23, 2010, through March 31, 2019—be treated as evidence and given appropriate weight in a subsequent claim. AR 00-1(4), 2000 WL 43774, at *4.[3] Although the Commissioner argues the ALJ impliedly considered the prior disability period by stating that he had not disturbed the findings of the 2022 decision, a simple reading of the 2024 decision fails to show that the ALJ considered the prior established period of disability as evidence, and his explicit statement that he found Plaintiff "had not been under a disability . . . from December 1, 2011, through the date of this decision," strongly suggests that he rejected the prior established period of disability.

---

[3] Following the Fourth Circuit's decision in *Albright v. Comm'r of Soc. Sec. Admin.*, 174 F.3d 473 (4th Cir. 1999), the Social Security Administration ("SSA") issued AR 00-1(4), interpreting *Albright* "to hold that where a final decision of SSA after a hearing on a prior disability claim contains a finding required at a step in the sequential evaluation process for determining disability, the SSA must consider such finding as evidence and give it appropriate weight in light of all relevant facts and circumstances when adjudicating a subsequent claim involving an unadjudicated period." AR 00-1(4), 2000 WL 43774, at *4.

The magnitude of the error weighs against deeming it a scrivener's error, but beyond that, the nature of the error taints the entire decision and frustrates this court's review. For example, the court cannot discern from the 2024 decision what the applicable time was for the ALJ's RFC and disability findings. That is, the Commissioner indicates "the ALJ considered Plaintiff's DIB application anew, which was to the Plaintiff's benefit." [ECF No. 38 at 2; *see also* ECF No. 20 at 1 (arguing the ALJ "carefully explained why Plaintiff failed to establish he was disabled from March 2019 through February 2024").] But is that the case? Did the ALJ mean for the RFC he described in 2024 to replace the prior RFC in the 2022 decision? That is far from clear in the decision itself.

Plaintiff raised multiple claims of error, including with the assessed RFC, the consideration of multiple medical opinions, conflicts between the Vocational Expert's testimony and the Dictionary of Occupational Titles, and the evaluation of Plaintiff's subjective complaints. The overarching error in the ultimate disability finding, along with the failure to recognize the prior adjudication of disability, hinders this court's ability to review the issues identified by Plaintiff because doing so would require the court to assume the ALJ meant to conclude one thing when that is unclear from the decision itself. *See Williams v. Colvin*, No. 3:14cv219, 2015 WL 1877460, at *2 (W.D.N.C. Apr. 23, 2015) ("The Court is unwilling to substantively change the wording of the decision or speculate that the ALJ meant something other than what is written. A hearing decision that leaves the reader guessing as to its meaning and rationale cannot be affirmed."); *see also Amy A. v. Kijakazi*, 2021 WL 5864063, at *5 (D.N.J. Dec. 10, 2021) ("[C]oncluding that the RFC ultimately found by the ALJ in her written decision was simply a scrivener's error would require this Court to improperly speculate about the ALJ's intent.").

Finally, Plaintiff argues that the 2024 decision, if affirmed, "could potentially result in months of payment center review, evaluation and eventual demands for repayment of an alleged

overpayment that the Plaintiff will be required to fight, likely to the point of yet another administrative hearing." [ECF No. 39 at 3–4.] Plaintiff is correct that if that decision is affirmed, it creates two conflicting administratively final decisions—one finding Plaintiff was disabled from May 23, 2010, through March 31, 2019, and a second finding Plaintiff was not disabled from December 1, 2011, through February 5, 2024. Although the earlier decision should ultimately control, it is possible that the Social Security Administration, relying solely on the 2024 decision, could attempt to collect an overpayment from Plaintiff for the period from December 1, 2011, through March 31, 2019.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record, the court declines to adopt the Report, ECF No. 30. Therefore, the Commissioner's decision is reversed and the matter is remanded for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED.

August 25, 2025  
Columbia, South Carolina

Sherri A. Lydon  
United States District Judge